Buffington v. The Atlantic & Pacific R. R. Co.

WILLIAM S. BUFFINGTON, Respondent, *vs.* THE ATLANTIC & PACIFIC R. R. Co., Appellant.

1. *Damages—Railroads—Defects in machinery and track–Allegata and probata.—* Where an action for damages against a railroad is grounded on an alleged defect in construction of the engine, plaintiff cannot recover for an injury resulting from a defect in the track.

*Appeal from St. Louis Circuit Court.*

*J. N. Litton,* for Appellant.

*Cline, Jamison & Day,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

The plaintiff was a brakesman on the Kirkwood accommodation train, a passenger train of the defendant running between St. Louis and Kirkwood, and while engaged in the line of his duty had his arm crushed in coupling the engine to the baggage car.

The petition alleged in substance that the injury was occasioned by the defective and negligent construction of the engine ; that its coupling apparatus, instead of being on a plane with the coupling apparatus of the baggage car, was so high that when the engine and car were brought together, the buffer of the engine did not strike the buffer of the car as it should, but passed over the same and above the platform of the car, so that a projecting timber attached to the tender of the locomotive, and called the " deadwood," was brought in contact with the platform of the car, and caught and crushed the plaintiff's arm.

The answer denied all the allegations of negligence in the petition, and averred that the injuries received by the plaintiff resulted from his own carelessness and unskillfulness.

There was a verdict and judgment for the plaintiff which was affirmed at General Term, and the defendant has appealed.

The testimony tended to show that the engine in question was an old one which had been "rebuilt," and, as in all new or "rebuilt" engines, the coupling apparatus was about an inch and a half higher than that of engines or cars which have been in use for a time, and was purposely so constructed with a view to the flexion of the springs resulting from use.

Two pieces of timber called "deadwood" were attached to the end of the tender and projected beyond it about eight inches; fastened to the ends of this "deadwood" was a circular buffer made of iron, which extended about eight inches beyond the ends of the "deadwood;" this buffer was intended to strike against another buffer attached to the end of the platform of the baggage car, when the car and tender were brought together, thus leaving a space of sixteen inches between the tender and car, on either side of the buffers and "deadwood," in which the plaintiff could stand while making the coupling.

The plaintiff was injured at Kirkwood while engaged in coupling the engine and tender to the baggage car, on a side track. At the time of the injury he was standing between the rails and near the south side of the track with his face toward the engine, which was being backed from the east, westward to the baggage car, holding the pin in his right hand and the link in his left, ready to drop the pin into the link when the engine and car came together. While in this position, the upper portion of his left arm being between the "deadwood" of the tender and the platform of the car, the buffer of the engine or tender passed over the platform of the car, bringing the end of the "deadwood" against the platform, catching and crushing the plaintiff's arm between them.

There was testimony tending to show that there was a sag or defect in the track, where the engine and car came together at the time of the injury, by reason of which the tender stood higher, and the car lower, than they would have relatively stood on the main track, or on a level track; that on the main track the buffer of the engine, which had a perpendicular surface of about eight inches, projected above the buffer of the baggage car about an inch and a half, so that they touched six and a half inches, and could not pass each other.

There was testimony also that the buffer of the engine would pass over the buffer of the baggage car when the engine and car were on the main track. One witness stated that the only reason he saw for the accident was, that the baggage car stood in a sag and the plaintiff missed the coupling. The plaintiff stated

that he had been frequently warned to be careful in making couplings, and the testimony was conflicting as to the care exercised by him at the time he was injured.

The instructions given by the court fairly submitted the question of plaintiff's negligence to the jury, and the measure of damages was properly declared.

The only material error that we have discovered in the record was the refusal of the court to give the following instruction asked by the defendant: "If the jury believe from the evidence that there was a depression in the track at the place where the coupling was being made, and that the accident happened by reason of the depression, and if the depression had not existed the accident would not have happened, then they will find for the defendant."

The plaintiff grounded his action on an alleged defect in the construction of the engine, and he could only recover for an injury resulting from such defect. If the cause of the injury was a defect in the track, and not a defect in the construction of the engine, he could not, without amending his petition, recover for a defect in the track. It is true the testimony was conflicting as to whether the buffer of the engine and the buffer of the baggage car would strike each other on a level track, but that was a question for the jury. If it distinctly appeared that the buffer of the engine would have passed over the buffer of the car, even had there been no depression in the track, the instruction would have been properly refused on the ground that there was no testimony to support it. But such was not the case. There was testimony from which the jury might have found that the depression in the track was the sole cause of the injury, and that question should have been submitted to them.

The judgment of the Circuit Court at the General and Special Term will therefore be reversed, and the cause remanded. The other judges concur.