Waldhier v. The Hannibal & St. Joseph Railroad Company.

WALDHIER V. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Action for Negligence**: RAILROAD: PLEADING. A petition in an action against a railroad company by an employee, stating, without any specific facts, that the plaintiff was injured in consequence of the negligence of the company in using defective machinery and in running and managing its railroad and cars, would be fatally defective; and when such general allegations are used in connection with a specific statement of a cause of action, they will be treated as explanatory of that statement only, and will not enable the plaintiff to recover for any other cause of action.

2. ———: VARIANCE BETWEEN ALLEGATA AND PROBATA. Where the allegation in a petition against a railroad company is that the plaintiff received the injuries complained of through the negligence of the company in having and using defective machinery, and in running and managing its railroad and cars, and the proof is that the injury was occasioned by a broken frog, the plaintiff cannot recover. (*Buffington v. A. & P. R. R. Co.*, 64 Mo. 246.)

3. ———: VARIANCE: FAILURE OF PROOF. In such a case as the foregoing the variance is not one which will be deemed immaterial unless it is shown to the court by the affidavit of the party that he has been misled and in what respect, (as provided by section 1, page 1033, Wagner's Statutes,) but it is a case of entire failure of proof within the meaning of section 1, page 1058, Wagner's Statutes.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*Tichenor & Warner* and *Belch & Silver* for respondent.

HENRY, J.—Plaintiff was employed in defendant's yards at Kansas City, and, on the 5th day of June, 1872, while engaged in switching, was run over by a car of defendant, and received such injuries as necessitated the amputation of both of his legs. He obtained a judgment for $8,000, from which defendant has appealed. The petition alleged, that "the defendant, by reason of its negligence

and carelessness, plaintiff was run against by one of defendant's cars, thereby throwing plaintiff upon the rail of the track of defendant; the said car of defendant then and there ran upon and over plaintiff by reason of the negligence and carelessness of the defendant. That plaintiff was then and there, by reason of the negligence of the defendant in having and using insufficient and defective machinery, and the carelessness and negligence of defendant in running and managing its railroad and cars, the plaintiff was broken and mutilated, as to both his legs, to such an extent, &c."

The above is a literal copy of the petition, as it appears in the transcript of the record. And, without indulging in any criticism upon its grammatical construction, we ask what is the cause of action stated? Would any one, from what is alleged in this petition, infer that any defect in the rail of the track contributed to the injury which plaintiff sustained? The rail of the track is mentioned but once in the petition, and then as the object upon which plaintiff was thrown, and not as the cause of his fall. It is charged that defendant was negligent, "in having and using insufficient and defective machinery," and, "in running and managing its railroad and cars," but this is to be taken as explanatory of the statement of the cause of action previously alleged, and not as a statement of distinct and independent facts. It would be defective as the statement of a cause of action without the specific preceding allegations, and is, therefore, to be taken as explanatory of those allegations. In other words, the negligence of the company "in using defective machinery," charged in the petition, must be confined to defective machinery used in running the cars which ran against the defendant. And that part of the allegation in relation to "running and managing its railroad and cars" must be confined to negligence in running the train by which plaintiff was injured, without reference to the condition of the rails or the road, of which no complaint is

1. ACTION FOR NEGLIGENCE: railroad: pleading.

made. A petition by an employee stating, without any specific facts, that plaintiff was injured in consequence of the negligence of a railroad company, in using defective machinery, and in running and managing its railroad and cars, would be fatally defective; and when such general allegations are used in connection with a specific statement of a cause of action, they do not enable the plaintiff to recover for any cause of action, except that specifically stated.

In *Buffington v. The Atlantic and Pac. R. R. Co.*, 64 Mo. 246, the court said: "The plaintiff grounds his action

2. ——— : variance between allegata and probata.　on an alleged defect in the construction of the engine, and he could only recover for an injury resulting from such defect. If the cause of injury was a defect in the track, and not a defect in the construction of the engine, he could not, without amending his petition, recover for a defect in the track." That case is decisive of this. See also *Capital Bank v. Armstrong*, 62 Mo. 59; *Chapman v. Callahan*, 66 Mo. 299; *Carson v. Cummings*, 69 Mo. 325, and *C. C. & I. C. R. W. Co. v. Troesch*, 68 Ill. 545. There was evidence on the part of plaintiff tending to prove that there was a broken frog at the place where plaintiff was thrown upon the track, which caused him to fall, and the court gave in compliance with plaintiff's request the following instruction, with others, to which defendant objected; "If you believe from all the facts and circumstances in the case, that on the 5th day of October, 1872, defendant had in use in its yards, at the city of Kansas, a frog, the plate on the guard of which was broken, and that the servant of defendant, whose duty it was to repair such broken plate, either knew or by the exercise of reasonable care and diligence might have known of the defective condition of such broken plate, then you are bound to find for the plaintiff, provided you further believe from all the facts and circumstances in the case, that plaintiff, while in the careful discharge of his duties, in attempting to cut off a car or cars, received the

injuries complained of by reason of such defect." Under the authorities above cited the court erred in giving this instruction. It authorized the jury to find a verdict for plaintiff on a cause of action not stated in his petition. The issue was not voluntarily made by defendant, but was forced upon him by the court, in admitting evidence in regard to the broken frog, and then instructing for plaintiff that the jury might find for plaintiff on account of the broken frog. Judgment reversed, and the cause remanded, all concurring.

## On Rehearing.

SHERWOOD, C. J.—We discover no reason for departing from the conclusion reached in the original opinion—that plaintiff having declared upon one cause of action could not recover upon another. Our statute (2 W. S., p. 1033, § 1), it is true, provides that "No variance between the allegation in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. When it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court by affidavit, showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just." And it has been ruled that an affidavit of having been misled was the only statutory test of such fact. *Turner v. Railroad*, 51 Mo. 501, and cases cited. But that statute has reference to mere discrepancies between the issues raised by the pleadings and the evidence offered in support of such issues, and not to cases where the substance of the issue, so to speak, has no support in the testimony adduced. The correctness of this view finds ample confirmation in the subsequent provisions of the statute relating to new trials, where it is provided that, "Where the allegation of the cause of action or

3. ——: variance: failure of proof.

defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof." 2 W. S., p. 1058, § 1. This section was passed upon by this court at an early day. *Beck v. Ferrara,* 19 Mo. 30. It was held that when the petition stated that the defendant was indebted to the plaintiff for stall No. 20, in the North Market, which was purchased by the plaintiff from a third party for defendant at his special instance and request, and the proof was that the plaintiff bought the stall for himself, and afterward sold it to the defendant, an entire " failure of proof " had occurred and not a mere " variance."

It is obvious from these statutory provisions and their construction as just announced, that there is a wide margin of difference between a case where there exists a lack of correspondence between the allegation of the cause of action and the proof in " some particular or particulars only," and. one where the allegation is " unproved " " in its entire scope and meaning." In the former case, the failure of the party complaining of any discrepancy between allegation and proof to file his statutory affidavit is fatal to his case, so far as concerns any such discrepancy. In the latter case the failure to file such an affidavit can have no such effect, for the simple reason that no such affidavit is required by the statute when there is an entire failure of proof. The distinction made by the statute between the two classes of cases is so palpable as to render any extended discussion unnecessary. Following and adhering to the ruling in *Buffington's case,* 64 Mo. 246, we must continue to hold that a recovery based upon a cause of action not stated cannot be permitted to stand. Our code, with all its comprehensive liberality, will not admit a plaintiff to sue for a *horse* and recover a *cow;* no more will it admit evidence of a defect in the track of a railroad to be the basis of such a recovery as the plaintiff seeks.to have us sanction and affirm. We are willing to go the

full length of the statute respecting variances, but we are certainly unwilling to go to the extreme of saying that issues may be raised by the evidence and the instructions, as well as by the legitimate method, the pleadings.

As this cause was tried in obvious disregard of the principles here announced, a reversal of the judgment must occur, and since this is so, it may be well to remark that in accordance with our former adjudications, *Devitt v. Railroad,* 50 Mo. 302 ; *Porter v. H. & St. Joe R. R., ante,* p. 66 ; *Rains v. St. L., I. M. & S. R. R., ante,* p. 164, and *McGowan v. St. L., I. M. & S. R. R.,* 61 Mo. 529, the fourth instruction for the plaintiff should have been refused ; and the thirteenth instruction asked by the defendant should have been given, if the issue respecting the defective frog had been raised by the pleadings. Motion for rehearing overruled. All concur, except NORTON and NAPTON, JJ., who dissent.