PRICE v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

1. **Negligence**: PLEADING: FAILURE OF PROOF: VARIANCE: RAILROAD. Where the petition alleges a specific act of negligence as the ground of plaintiff's action, there can be no recovery for any other act. Thus where the specific negligence alleged was the failure of a railroad company to stop its train at plaintiff's station long enough for him to alight; *Held,* that he could not recover upon proof that the injuries for which he sued were sustained by reason of the company's failure to keep the platform lighted. *Waldhier v. The Hannibal & St. Joseph R. R. Co.,* 71 Mo. 514.

   But, per NORTON, J., dissenting: In order to avail himself of this principle, the defendant must pursue one of three courses at the trial: 1st, Object to the introduction of evidence when offered; or, 2nd, Ask an instruction excluding it from the consideration of the jury; or, 3rd, File an affidavit stating that he is surprised by its introduction, and wherein.

2. **Evidence**; INSTRUCTION. The fact that evidence irrelevant to the issue as made by the pleadings is admitted without objection, does not authorize the court to instruct the jury that they may find a verdict upon that evidence.

3. **Railroad**: NEGLIGENCE: PASSENGER ALIGHTING FROM MOVING TRAIN. Whether a railroad company which fails to bring its train to a full stop at a station, shall be held liable in damages for injuries sustained by a passenger in attempting to get off, depends upon whether under all the circumstances it was prudent for him to make the attempt.

4. **Negligence**: CONTRIBUTORY NEGLIGENCE. Though the plaintiff was guilty of negligence contributing to his injury, yet the defendant will be liable if, after becoming aware of plaintiff's danger, he could have prevented the injury by the use of ordinary care, skill and caution, and failed to do so. An instruction to this effect should not, however, be given in a case where the injury occurred simultaneously with the appearance of the danger.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*Wells H. Blodgett, Prosser Ray* and *C. A. Winslow* for appellant.

OCTOBER TERM, 1880. 415

Price v. The St. Louis, Kansas City & Northern Railway Company.

*Bell & Huston* for respondent.

HENRY, J.—The plaintiff sued defendant for personal injuries sustained by him while attempting, as a passenger, to get off of defendant's train at Dalton, a station on its road, and obtained a judgment for $3,500, from which defendant has appealed.

The following, and no other, is the cause of action stated in the petition : " That plaintiff purchased a ticket of defendant authorizing plaintiff to be carried on defendant's passenger cars from the city of Moberly to the town of Dalton, under the rules and regulations of law prescribed by the laws of this State for said defendant in the transportation of passengers upon its road, and that plaintiff, with his ticket aforesaid, got upon the regular passenger train of said defendant at Moberly, and was transported on same to Dalton, and that, on the arrival of the train at Dalton the plaintiff, in leaving said train, without his fault or negligence, but by the fault of defendant in not stopping the motion of the train a reasonable time to admit of plaintiff's leaving said cars, was thrown with great violence on the platform of the depot, at Dalton, and was greatly injured, bruised and strained."

1. NEGLIGENCE: pleading: failure of proof: variance: railroad.

There was a conflict of evidence in regard to the stoppage of the train, the evidence for the plaintiff proving that it did not, while that adduced by the defendant, that it did stop. The jury might well have found that issue for the plaintiff. The plaintiff's deposition was taken and read in his behalf, and in his testimony in chief, he stated : " I was notified just before reaching Dalton that I would get off there ; I then made an effort to reach the door of the car, and when I got to the door I saw no light, nor the depot, and the cars were still in motion." In his cross-examination, he stated: "I did not see the depot at all ; if there was any light at the depot I did not see it." Again :

"It was so dark that I could not see the ground, or any other object outside of the train." Mrs. Gilliam, a witness for the plaintiff, testified that she couldn't tell whether there was a light at the depot or not; didn't think the agent had time to strike a light.

Among other instructions for plaintiff, given by the court, is the following: "If the jury believe from the evidence that any of the defendant's servants or agents were negligent in failing to stop the train at Dalton station a sufficient length of time to allow plaintiff to get off, or in suddenly moving the train forward while plaintiff was in the act of getting off, *or in failing to keep the depot platform properly lighted up,* or in directing the plaintiff to get off while the train was in motion, and that by reason of such negligence the plaintiff was injured, without any fault on his part directly contributing thereto, then the verdict should be for the plaintiff." I have italicized that portion of the instruction which presents the principal question for consideration in this case. It will be observed, that if the plaintiff had failed to establish the fact that the train was not stopped, as alleged in the petition, still, under this instruction, the jury was authorized to give him a verdict, because the depot was not lighted. If the only negligence proved was the failure to have the depot lighted, would we have a case of variance, under our statute, or a failure of proof? The case of *Waldhier v. The Hannibal & St. Joseph R. R. Co.,* 71 Mo. 514, is decisive of the question; and if we adhere to the rule there announced, we must reverse this judgment.

A plaintiff must recover on the cause of action stated in his petition. This is an elementary principle of pleading and practice, and a total departure from it, such as we are here urged to make, would lead to confusion, uncertainty and gross injustice in the administration of the law. The petition is intended to apprise the defendant of what is alleged against him, to enable him to prepare with evidence, to meet it, but if the plaintiff can state one cause of action,

and come to trial prepared to prove another, of which defendant has no intimation until the case has gone to the jury, an undue advantage would be gained by the plaintiff, and the forms of law converted into snares and pit-falls. The statute has made provision for a mere variance, which occurs " where there is a lack of correspondence between the allegation of the cause of action and the proof, in some particular or particulars;" and not where the cause of action alleged is unproved, " in its entire scope and meaning." *Waldhier v. The Hannibal & St. Joseph R. R. Co.*, and cases then cited. Here there was a conflict of evidence as to the facts constituting the cause of action alleged in the petition, and the jury might have found for defendant on that cause of action, and yet, under the instruction we have been considering, have given plaintiff a verdict because the depot was not lighted, a cause of action which was not stated in the petition. Defendant's witnesses testified that the train was stopped a sufficient time to enable plaintiff to get off, and the jury might have believed them, and yet, under this instruction, they were told that their verdict should be for plaintiff if they found that the depot was not lighted.

The doctrine is well and clearly expressed in *Mayor v. Humphries*, 1 Carr. & Payne 251. The declaration stated that defendant was the owner of a stage coach, and that plaintiff was a passenger, and that the servants of defendants so negligently and unskillfully " drove, conducted and managed" the said coach that it was overturned and plaintiff seriously injured. The defense was, that the coach overturned, not from the negligence of the driver, but from the linch-pin coming out, and, therefore, the plaintiff could not recover for negligent driving. Gurney, in reply, contended that it was just as actionable for defendants to injure passengers by negligently sending out an insufficient coach, as a bad coachman. Littledale, J.: " I am decidedly of opinion that if the accident happened from the insufficiency of the coach, the plaintiff cannot recover on this

27—72

declaration. If the negligence was in sending out an unsound coach, the plaintiff should have laid it so in his declaration."

It is contended that, inasmuch as the defendant did not object to the evidence tending to show that there was

2. EVIDENCE: instruction. no light at the depot, he cannot now complain of it. If he were here asking a reversal because the court admitted such evidence, that would be a complete answer to his demand; but here, after the evidence, irrelevant and inadmissible, as of a distinct cause of action was received, the court, against the defendant's objection, declared to the jury that they might find a verdict for plaintiff on that evidence.

Another error in that instruction is the declaration, that if defendant's servants or agents were negligent in

3. RAILROAD: negligence: passenger alighting from moving train. failing to stop the train at Dalton station a sufficient length of time to allow plaintiff to get off, and by reason of such negligence he was injured, he was entitled to a verdict. If there was no negligence on the part of defendant but a failure to stop the train, and plaintiff voluntarily attempted to get off, while it was in motion, he could maintain no action for any injury sustained in consequence of such attempt. He cannot leap from the train while in rapid motion in order to avoid being carried beyond his stopping place, but at his own risk. *Nelson v. The Atlantic & Pacific R. R. Co.*, 68 Mo. 595, and cases there cited. Whether stepping " from a car not yet beyond the platform, whose motion is so slight as to be almost or quite imperceptible," is negligence or not, " is for the jury to decide from the physical condition of the person and all the attendant circumstances." *Doss v. M., K. & T. R. R. Co.*, 59 Mo. 37. The instruction in question withdraws from the jury all the attendant circumstances, and predicates the right of plaintiff to recover upon the mere failure to stop the train, and plaintiff's injury in attempting to get off while it was in motion. It does exempt the defendant if any fault of plaintiff directly contributed

to the injury, but a construction of which it is susceptible, and which a jury would most probably place upon it is, that the negligence of plaintiff, which would exonerate the defendant, is other negligence than that of attempting to get off while the train is in motion. It is too general and indefinite on that subject. Instead of leaving, as the only guide to the jury, the general direction to find for plaintiff, if the defendant was negligent in not stopping the train, unless plaintiff was guilty of negligence contributing to the injury, they should have been required to find, whether it was prudent or not, for plaintiff, under all the circumstances, to attempt to get from the train before it came to a full stop. The speed of the train, the conduct of the conductor, the darkness of the hour, the age and activity of plaintiff—all these circumstances were for consideration in determining whether plaintiff was prudent or imprudent in his attempt to get from the train.

The second instruction for plaintiff asserts that "if plaintiff, by the negligence of any of the servants of the defendant, while getting off the train, without fault on his part," received the injuries complained of, he was entitled to a verdict. The fault of this instruction is in a failure to confine the negligence to that which was specifically alleged in the petition. It is of the same character as that contained in the other instruction, except that the latter is special, and this is general. The latter authorized a verdict, if the depot was not lighted, while this instruction warranted a verdict for plaintiff if the depot was not lighted, or if any negligence of any servant, whether employed in running the train or not, occasioned the injury.

The last instruction for plaintiff is but an abstract proposition of law, erroneous it is true, but of no applica-

4. NEGLIGENCE: contributory negligence. tion whatever in the case. It was as follows : "Even should the jury believe from the evidence that the plaintiff may have been negligent, and that such negligence on his part may have contributed to the injury, yet, if any of the defendant's agents or servants could

have prevented the injury by the use of ordinary care, skill and caution, and failed to do so, then the plaintiff is entitled to recover." In a proper case, it would have required the qualification that defendant could have prevented the injury after becoming aware of plaintiff's danger. Here there was no time after the discovery of the danger to exercise the care to prevent it which is required, where the doctrine is applicable. The injury occurred simultaneously with the appearance of the danger. The negligence producing the danger had occurred, on plaintiff's theory, and the danger to plaintiff was not apparent until his attempt to get from the cars, in which the injury occurred. If he did this without compulsion or suggestion of the defendant's agents, and they did not know of his purpose to get off; or, if they compelled, or advised him to get off while the train was in motion, the doctrine of the instruction, correctly given, could have had no application to the case. If defendant's agents knew of his purpose to get off and made no effort to prevent it, such an instruction might have been appropriate, but there is no pretence that such was the case, and the instruction, therefore, should not have been given.

The trial must be of the cause of action stated in the petition, and the instructions must relate to that and no other cause of action. The anxiety of attorneys to get a verdict not unfrequently spoils a good case by prompting them to ask for more than they are entitled to, when the case would be safe under just such instructions as should be given; and we are frequently compelled, with regret, to reverse judgments for errors occurring in the trial, believing at the same time, that in all probability the result would have been the same, if no error had been committed. But it is not for us to say that an instruction which permits a recovery upon a cause of action proved, but not stated in the petition, was not that upon which plaintiff recovered. Especially is this the case when there is a conflict of evidence as to the facts alleged as the cause of

action, and no conflict of evidence as to the cause of action mentioned in the instruction, and not stated in the petition. The judgment is reversed and the cause remanded. All concur, except NORTON, J., who dissents.

NORTON, J., DISSENTING.—It is well settled that a common carrier is bound to the exercise of the highest degree of care and caution in the transportation of a passenger who submits himself to such carrier to be carried, and is answerable in damages for any injury sustained by such passenger. occasioned by his negligence or carelessness in performing this duty. In cases where the relation of the person suing for an injury sustained is that of passenger, all that is necessary to be alleged and proved in order to a recovery, is that the injury complained of was inflicted in consequence of the negligence of the carrier. In such a case it is the negligence of the carrier which gives the right to recover, and it matters not whether such negligence consists in doing a particular thing which ought not to have been done, or in not doing a particular thing which ought to have been done.

In the present case the petition alleges that the negligence consisted in not stopping the train on which plaintiff was a passenger, a sufficient length of time, at Dalton station, where he was bound, to enable him to leave the train. While the evidence tended strongly, if not conclusively, to establish the specified act of negligence complained of in the petition, and that it was the sole cause of plaintiff's injury, evidence was also received, without objection, that the platform of the depot of said station was not lighted. Evidence on this point is to be found in the deposition of plaintiff, which had been on file in the cause more than twelve months before the trial. An examination of this deposition shows that the witness in his examination in chief said not a word in regard to the platform not being lighted. He did say that when a general notice was given that the train was approaching said station, he went to the

door of the car, and did not see any light, nor the depot. In his cross-examination by defendant, he said the platform was not lighted. This deposition was the first evidence offered, and it appears from it that what was said in it in regard to the platform not being lighted, was drawn out by the defendant. One other witness for plaintiff stated that he saw no light on the platform, and to the evidence of this witness defendant interposed no objection. The only other witness who mentioned the subject of light was a witness on the part of defendant, who stated that all the cars were lighted except the sleepers. Had an objection been made to the introduction of this evidence on the ground of variance between the matter alleged in the petition and that sought to be proved, thus giving the trial court an opportunity to pass upon it, and the opposing party an opportunity to amend his pleading to conform to the proof, such objection would be entitled to consideration. This court has repeatedly held that, although improper evidence may have been admitted by the trial court, it would not consider the propriety of its action in that respect unless the evidence was objected to at the time, and the specific grounds of the objection stated. Not only was that not done in this case, but the evidence in regard to the platform not being lighted was brought out in the cross-examination of the first witness whose deposition was read in the cause.

The evidence being thus before the jury for consideration, the defendant ought not now to be heard to complain because the court gave an instruction based upon it, especially so when, if no such instruction had been given, the evidence which gave rise to it would still have been before the jury, and could as well have been considered and applied by them under the eighth instruction given for defendant to the effect " that the burden of proof is on the plaintiff, and before he can recover he must show, by a preponderance of the evidence, that he was injured by the negligence of the servants or employees of the defendant." The plaintiff

having established the particular act of negligence alleged in the petition, the evidence tending to establish another act of negligence may have been objectionable on the ground of variance. Three ways were open to the defendant to avail himself of an objection to the evidence on the ground of variance; first, by an objection to its introduction when offered; second, by asking an instruction to exclude it from the consideration of the jury, and, third, by filing an affidavit stating that he was surprised by its introduction, and wherein. Neither of these methods was resorted to in the trial court, and the failure of defendant to resort to them, whereby the court was deprived of passing on the question of its admissibility, and the opposing party deprived of the opportunity to amend his pleading so as to make it conform to the proof, puts him in an attitude where he ought not now to be heard to complain of such variance if regard be had to section 3586, Revised Statutes, which declares that it shall be the duty of courts to construe the provisions of law relating to pleading, and to so adapt the practice thereunder, as to discourage as far as possible negligence and deceit, to prevent delay, to secure parties from being misled, to place the party not in fault as nearly as possible in the same condition he would be in if no mistake had been made, to distinguish between form and substance, and to afford known, fixed and certain requisitions in place of the discretion of the court or judge thereof.

I agree to the principle announced in the opinion, that a party should only recover upon the cause of action stated in the petition, and base my non-concurrence in the conclusion therein reached on the sole ground that defendant, by failing to make the objections in the trial court necessary to give him the benefit of that principle, cannot invoke it here, and in this I think I am sustained by *Turner v. Chillicothe & Des Moines R. R. Co.*, 51 Mo. 501; *Henslee v. Cannefax*, 49 Mo. 295.