GURLEY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence:** ALLEGATA AND PROBATA. The negligence proved should conform to that charged in the petition.

2. ———: ———. Where the petition charges that plaintiff, who was attempting to make a crossing, was caught between two cars standing on defendant's side track by reason of its carelessness and negligence in driving and forcing its cars together, a recovery cannot be had for negligence of the defendant in leaving cars standing on the track without securing them.

3. ———: PLEADING. The acts done or omitted, which constitute the negligence complained of, should be stated with a reasonable degree of particularity.

4. ———: INSTRUCTION. An instruction which authorizes a recovery for plaintiff if the jury should find that he was, by reason of the negligence of defendant's employes, caught between its cars and injured, held erroneous.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED AND REMANDED.

*T. J. Portis* and *Adams & Bowles* for appellant.

(1) The defendant's demurrer to the evidence should have been sustained. There was no evidence of

93 445
97 117
93 445
35a 540
93 445
104 226
104 247
104 502
93 445
108 132
93 445
49a 531
53a 97
53a 400
93 445
57a 331
93 445
126 278
93 445
132 344
93 445
71a 561
93 445
145 514
93 445
f164 285
93 445
100a 555
100a ¹621

any negligence in causing the cars to collide with each other, nor any evidence that defendant, by any means or in any manner, caused the collision. (2) The court erred in giving plaintiff's first instruction. In it the jury were not restricted to the negligence charged in the petition upon which a recovery could be had, but were told that he might recover if they found the defendant was guilty of any negligence. *Anderson v. McPike*, 86 Mo. 293; *Brown v. Insurance Co.*, 86 Mo. 51; *State v. Chambers*, 87 Mo. 406; *Zimmerman v. Railroad*, 71 Mo. 491; *Waldhier v. Railroad*, 71 Mo. 514; *Stillson v. Railroad*, 67 Mo. 671; *Price v. Railroad*, 72 Mo. 416; *Abbott v. Railroad*, 83 Mo. 273; *Bank v. Murdock*, 62 Mo. 70; *Greer v. Parker*, 85 Mo. 107; *Goodwin v. Railroad*, 75 Mo. 73; *Yarnell v. Railroad*, 75 Mo. 575; *Karle v. Railroad*, 55 Mo. 476. (3) The damages are exorbitant and grossly excessive. *Railroad v. Hand*, 7 Kan. 380; *Railroad v. Milliken*, 8 Kan. 647; *Railroad v. Young*, 8 Kan. 659; *Railroad v. Peavey*, 29 Kan. 170; *Collins v. City of Council Bluffs*, 35 Ia. 432; *Rose v. Railroad*, 39 Ia. 256; *Railroad v. McAra*, 52 Ill. 296; *Potter, Adm'r, v. Railroad*, 22 Wis. 615; *Spicer v. Railroad*, 29 Wis. 580; *Railroad v. McKean*, 40 Ill. 218; *Railroad v. Henry*, 62 Ill. 142.

*A. Comingo* and *Whitsett & Jarrott* for respondent.

(1) The court properly overruled defendant's demurrer to the evidence. The testimony established the truth of all the material allegations in plaintiff's petition. There was no evidence that plaintiff was guilty of contributory negligence. "It is a principle well settled and always adhered to, that if there is any evidence tending to prove the issues of fact, the case must go to the jury." *Brown v. Lazalere*, 44 Mo. 388. "The court should not take the case from the jury if there is any evidence, however slight, tending to sustain the allega-

tions of the petition." *Kelly v. Railroad*, 60 Mo. 604 ; *Clotworthy v. Railroad*, 80 Mo. 220. (2) In plaintiff's first instruction every issue made by the pleadings was submitted to the jury. The jury were restricted to the negligence alleged in plaintiff's petition. The instruction properly declared the law. *Brown v. Railroad*, 50 Mo. 461 ; *Isabel v. Railroad*, 60 Mo. 430 ; *Owens v. Railroad*, 58 Mo. 390, 393 ; *Quaife v. Railroad*, 48 Wis. 513 ; *Nagel v. Railroad*, 75 Mo. 665. " In actions for the recovery of damages for injuries to the person, it is generally for the jury to determine whether the defendant was negligent or the plaintiff contributorily negligent." Patterson's Railway Accident Law, p. 447, sec. 381 ; *Railroad v. King*, 70 Ga. 261 ; 19 Am. and Eng. R. R. Cases, 255. (3) " Courts will not interfere with the verdicts of juries on account of excessive damages, unless it appear at first blush that the damages are flagrantly excessive, or that the jury have been influenced by passion, prejudice, or partiality." The evidence in this case shows that the damages were not excessive. *Kennedy v. Railroad*, 36 Mo. 364 ; *Porter v. Railroad*, 71 Mo. 66 ; *Waldhier v. Railroad*, 87 Mo. 48, 49 ; *Whalen v. Railroad*, 60 Mo. 329 ; *Railroad v. Falvey*, 1 West. Rep. 868.

BLACK, J.—Plaintiff recovered a judgment against the defendant for ten thousand dollars damages for personal injuries. The grounds of the defendant's complaint are : (1) The refusal of the court to sustain a demurrer to the plaintiff's evidence ; (2) the giving of plaintiff's first instruction ; (3) excessive damages.

Twelve or fifteen years ago the defendant constructed a plank walk from its depot at Pleasant Hill, to the Planters' House, at that place. The walk was then intended to accommodate passengers in going to and from the dining-room at the hotel. It has, at all times since, been used by the public in going to and

from the depot.   Between the Planters' House and the depot, the walk crosses a side or house track, which is habitually used by the defendant for standing or storing cars.   On the twenty-second of January, 1885, a number of cars were standing on this track, six or seven to the north, and others to the south of the crossing.   They were detached at the walk so as to leave an open space of three or four feet for persons to pass through.   The petition sets out the foregoing facts, and then states that, while attempting to use the crossing, and by reason of the negligence of the defendant's servants, plaintiff was, "suddenly, and in a manner hereinafter stated," caught between said cars; "that, at the time he approached said crossing as aforesaid, he attempted to pass through the opening between the cars, stationed on either hand thereof as aforesaid; that, just as he entered said opening, defendant, by its agents, servants, and employes, unskilfully, negligently, and carelessly, and with great violence, drove and forced on or against the said stationary cars, on the northeasterly end of said side track, certain loose cars, or a loose car, whereby said stationary cars were driven on and against plaintiff, and he was crushed and mangled between them and the other of said stationary cars, and received the irreparable injuries aforesaid."

The evidence shows that these cars were in the position before described during the day, and that various persons had passed between them on the walk.   About seven or eight o'clock in the evening, plaintiff started from the Planters' House to the depot, intending to post a letter on the mail train.   He says when he got to the crossing, he stopped and looked both ways, but could see no engine or moving train.   The instant he stepped between the cars those to the north suddenly moved to the south and caught him as the cars came together.   He received injuries to his leg which are serious and permanent.   He states that when he approached the cars

they appeared to be still, that it was light, and that he saw no engine or moving train, and that the racket when hurt seemed to come from the car that hit him.  The grade of the side track at and to the north of the crossing slopes southward.  The evidence of the plaintiff's son, and that of some employes of the defendant, who were called by the plaintiff, tends to show that there was no engine at or about the side track at that time or even that afternoon.  The defendant asked no instructions, and offered no evidence, save that of one or two physicians as to the character of the injuries.  The plaintiff's first instruction states hypothetically the foregoing facts in detail, which the evidence shows and tends to show, and concludes as follows :   " That, at the time plaintiff so attempted to pass between said cars on said crossing, he was, by reason of the carelessness and negligence of the defendant's agents, servants, and employes, without any negligence or carelessness on his part contributing to the injury he received, caught between the cars so standing on said side track and so separated at said crossing, and that he thereby, and by reason thereof, received the injuries complained of in his petition, then the jury will find for the plaintiff."

From the foregoing statement of this case, it will be seen that the negligence charged in the petition is, that defendant's servants and agents negligently drove and forced one or more loose cars against the stationary cars, whereby the stationary cars were driven on and against plaintiff.  There is not a particle of proof of this alleged act of negligence.  It is shown affirmatively by the plaintiff's evidence that there was no engine or moving train on the track at the time of the accident. It does not appear that any agent or servant was near or about the cars when they commenced to move eastward ; when plaintiff approached the crossing, all of the cars on the track were standing just as they had been for a

half, if not a whole day. No agent or servant touched or set them in motion. There was, therefore, a total failure to make any proof of the negligence charged in the petition, and it is not necessary to cite authorities to show that, as to this alleged cause of action, the demurrer to the evidence should have been sustained.

But it is said it was negligence for the defendant to leave the cars standing on the track without securing them, so as to prevent them from coming in contact. The decisive answer to that is, that negligence in this respect is not charged in the petition. It is not stated that the cars were left standing without the brakes being down, so that they were liable to move on the down grade by force of gravity. The defendant had a right to store or stand its cars on the side track, and no negligence is alleged as to the mode or manner in which they were left or placed on the track. The plaintiff cannot declare upon one cause of action, upon one negligent act, and recover upon another and an entirely different act of negligence. To permit this to be done is to disregard all rules of pleading. *Capital Bank v. Armstrong*, 62 Mo. 59; *Buffington v. Railroad*, 64 Mo. 246; *Price v. Railroad*, 72 Mo. 414; *Ely v. Railroad*, 77 Mo. 34.

From the general and indefinite instructions, which were given, it would seem that the case was tried by the plaintiff and court on the theory that it was sufficient and good pleading to state generally, that plaintiff was injured by the carelessness and negligence of the defendant's agents and servants. It is clear that the pleader never thought of resting his case on such allegations; for while there is such a general allegation, still, by a part and parcel of it, reference is made to the subsequent specific acts of negligence. But a petition with such a general allegation only would be worthless, and a like instruction equally faulty. In cases like the present one, where the negligence is a mixed question of

fact and law, where the jury must determine whether the defendant was negligent or not in the light of the surrounding circumstances, the acts, which it is intended to be shown were negligently done, should be set out with a reasonable degree of particularity, and in some appropriate form of expression charged to have been negligently done. The defendant will then be notified of what he is charged. Issues can be made and submitted to the jury. Of course the statement of the matters of inducement, the surroundings and situation of the parties, need not be coupled with an allegation of negligence. We have recently held, where the method of pleading before indicated is pursued, the plaintiff may, under his petition, show that the defendant knew, or, by the exercise of ordinary care, would have known, that the machinery or appliances were defective and out of repair. *Crane v. Railroad,* 87 Mo. 591. The acts done or omitted must, however, be stated with a reasonable degree of particularity.

So far as the instruction is concerned, it permits a recovery if the jury should find that the plaintiff was, by reason of negligence of defendant's employes, caught between the cars. Negligent in what respect? It does not say. Such a general and indefinite instruction would be bad on good pleadings. It is true the instruction requires the jury to find the existence of a great many things, but they are not required to find that there was any negligence on the part of defendant in respect of any of them.

With these results the question of excessive damages becomes immaterial. The judgment is reversed and the cause remanded. All concur.