## NORFOLK & W. R. Co.

### *v.*

### BRIGGS.

(*Supreme Court of Appeals of Virginia, March 31, 1892.*)

[14 S. E. Rep. 753.]

**Railroads—Injury to Employee—Contributory Negligence—Case at Bar.**

Plaintiff, a brakeman, was injured while attempting to couple with a "short shackle," which he was holding up with his hand, instead of using the coupling stick, as the rules of defendant railroad required. The injury would not have happened if he had used the coupling stick: *held*, that he could not recover.

Action by Berry J. Briggs against the Norfolk and Western Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed.

*W. H. Mann* and *Geo. S. Bernard,* for plaintiff in error.

*Davis & McIlwaine,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of the Norfolk & Western Railroad Company complains of a judgment of the hustings court of the city of Petersburg, rendered on the 25th day of October, 1890, in a suit therein pending, in which Berry J. Briggs is plaintiff, and the petitioner is defendant. The suit is an action of trespass on the case, to recover damages for the alleged negligent injury of the plaintiff, Berry J. Briggs, in the depot yard of the defendant company in Petersburg, Va.,

on the 13th of August, 1888, by which he sustained the loss of two fingers of his left hand, crushed while in the act of coupling a car.   There was a demurrer to the declaration, which the court overruled, and the jury gave a verdict for $2,000 damages against the defendant company, which verdict the court refused to set aside upon motion on the ground that it was contrary to the law and the evidence, and the court entered up judgment upon the verdict against the defendant company for $2,000 damages and the costs.   To this action of the trial court the defendant company excepted. The plaintiff, Berry J. Briggs, had been in the employ of the Norfolk & Western Railroad Company since 1880, as a brakeman upon its freight trains, and he was an experienced brakeman, and well acquainted with the rules and regulations of the said service, and with all the dangers incident to his duties as a brakeman.   The declaration alleges that the plaintiff was an employee of the Norfolk & Western Railroad Company, and was injured by the negligence of the said defendant company, through its agents and servants, in the management of its shifting-engine, while he was undertaking to couple the said engine to one of the cars of the said defendant company on the 13th of August, 1888.   The account of the accident, as given in the record, is that the plaintiff was attempting to couple with the "short shackle," which he was holding up with the two fingers of his left hand, instead of using the coupling stick for that purpose, as the rules and practice of the company required ; and that, instead of standing upon the foot-board in front of the engine for the coupler to stand on in perfect safety, he was standing on the ground, with one foot between the rails, with his left hand upon or in the draw-head, and that he lost his balance,—was, to use his own word, "overbalanced,"—and when the engine came back against the cars his fingers were caught and mashed, which could not have been the case if he had been using the

coupling stick instead of his fingers.   Looking into this record from the hard and harsh stand-point of a demurrer to evidence, the plaintiff's own statement makes out a clear case of gross contributory negligence, and neglect or disobedience of the regulations of the defendant company by the plaintiff, and proves that he was the author of his own misfortune.   He says that if he had taken out the short shackle, and put in the draw-bar, the accident would not have happened ; that he had been ordered to do all the shifting with the draw-bar ; that the draw-bar was on the front of the engine, where he put it ; that "unthoughtedly" he had most forgotten that the shackle was in the front end of the engine, and that he was not thinking about the shackle until he got near the car.   In other words, that he had forgotten his duty, and failed to obey a plain direction of the company, which, according to his own statement, if he had carried it out, would have saved the accident and his injury. According to the oft-repeated decisions of this court, his own contributory negligence being the proximate cause of the injury the plaintiff cannot maintain his action against the defendant company.   See Darracott v. Railroad Co., 83 Va. 288, 2 S. E. Rep. 511 ; Sheeler's Adm'r v. Railroad Co., 81 Va. 188 ; Railroad Co. v. Cottrell, 83 Va. 512, 3 S. E. Rep. 123.   "When the gist of the action is the company's negligence in not furnishing competent servants, its negligence in that regard must be distinctly alleged." Pierce, R. R. 384.   See, also, Blake v. Railroad Co., 70 Me. 60.   In the plaintiff's declaration in the case at bar there is no allegation of general negligence, or of incompetent or unskillful servants, or of their being over-worked. And if, indeed, there had been, the proof in the record does not sustain such an allegation.   1 Greenl. Ev. (14th Ed.) § 63 ; Smith v. Causey, 28 Ala. 655 ; Abbott v. Railroad Co., 83 Mo. 271 ; Murphy v. Wilson, 44 Mo. 313 ; Edens v. Railroad Co., 72 Mo. 212 ; Buffington v.

Railroad Co., 64 Mo. 246 ; Waldhier v. Railroad Co., 71 Mo. 514 ; Price v. Railroad Co., 3 Amer. & Eng. R. Cas. 375.

The servant assumes the risk of hazard of the business as the master conducts it, and if he knows the method of the service, and still remains in the service, he cannot recover, although there may be a safer way or method of doing the same business. Improvement Co. v. Andrew, 86 Va. 270, 9 S. E. Rep. 1015. We are of opinion that the hustings court of Petersburg erred in overruling the motion to set the verdict aside, and to grant a new trial, and our judgment is to reverse and annul the said judgment of the hustings court, to set the verdict aside, and to remand the case for a new trial.