JAMES G. RUMBOLZ, Respondent, v. EMMA BENNETT, Appellant.

St. Louis Court of Appeals, December 4, 1900.

1. Pleading and Proof: VARIANCE.  There is no variance between the pleading and proof when the petition avers that plaintiff was to receive sixty dollars for his services, if he assisted in selling certain real ˙property, and the proof of plaintiff shows that he was to receive two per cent on the amount for which the property should be sold or exchanged, and that it was sold for three thousand dollars.

Rumbolz v. Bennett.

2. **Failure of Proof: STATUTORY VARIANCE: STATUTORY CON-STRUCTION: JUDGMENT.** Failure of proof applies to a case where the allegations of the petition or answer are unproven in their entire scope or meaning (section 798, R. S. 1899) and variance (section 655, R. S. 1899), has reference to mere discrepancies between the issues as made by the pleadings and the evidence in support of them.

3. ———: ———: ———: **MATERIAL VARIANCE: PRACTICE, TRIAL.** In the former case a judgment is not authorized, whereas in the latter the variance will not be material, unless it has misled the adverse party, and that fact can only be established by the affidavit of the aggrieved party showing in what respect he has been misled.

4. ———: ———. In the case at bar there was not an entire failure of proof.

Appeal from the St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellant.

Plaintiff can not state one cause of action in his petition and recover upon another. Reed v. Bott, 100 Mo. 62; Sedalia Gaslight Company v. Mercer, 48 Mo. App. 644; Gurley v. Railroad, 93 Mo. 445; Feurth v. Anderson, 87 Mo. 354; Link v. Vaughn, 17 Mo. 585; Clements v. Yeates, 69 Mo. 623.

*Frederick A. Wind* for respondent.

(1) The statement is equivalent to an account for commission, $60; without stating any basis of commission, and that is sufficient. Finley v. Dyer, 79 Mo. App. 604. (2) There was no variance between statement of cause of action

and proof.   Gaty v. Sack, 19 Mo. App. 470; Kehoe v. Phillipi, 42 Mo. App. 292; Metz v. Eddy, 21 Mo. 13; Allen v. McMonagh, 77 Mo. 478.   (3)   A variance between the *allegata* and the *probata* is not necessarily fatal, for the court may order an amendment.   Turner v. Railroad, 51 Mo. 501; Chouquette v. Railroad, 152 Mo. App. 257-263.

BIGGS, J.—This case originated before a justice of the peace.   The complaint is as follows, to-wit:

"Plaintiff states that he is a real estate agent in the city of Bunker Hill, county of Macoupin, state of Illinois.

"That on, to-wit, April, 1898, defendant was the owner of a certain house and lots in the county of Macoupin aforesaid; that the said defendant requested plaintiff to sell or assist in the selling or trading of said property, and agreed to pay plaintiff the sum of, to-wit, sixty ($60) dollars as a commission for his services in selling or assisting in the selling or trading of said property; that on, to-wit, the thirtieth day of March, 1898, defendant sent one F. Sproul to Bunker Hill to see this plaintiff and have him show said property to him, and that thereupon the said plaintiff did exhibit the said property to said Sproul, did use his best endeavors to negotiate the sale or trade of said property to said Sproul and that thereafter on, to-wit, April, 1898, the said Sproul did trade with said defendant and thereby became the owner of the said Macoupin county property."   Then follows a prayer for judgment.

On a trial *de novo* in the circuit court the plaintiff recovered a judgment for $60 and interest.   The defendant has appealed and his chief complaint is that there was a variance between the pleadings and proof.

The evidence for plaintiff corresponded precisely with the averments in the complaint, except the plaintiff testified that

the agreement as to compensation was that he should have two per cent on the amount for which the property should be sold or exchanged, and that the property was exchanged on a basis of three thousand dollars. The defendant claims there is a variance between the pleadings and proof, in that it is averred that the plaintiff was to receive sixty dollars for his services if he assisted in selling the property, whereas the proof is that he was to receive two per cent on the amount for which the property should be sold or exchanged. It may be stated here that the defendants made no objection to plaintiff's evidence, and made no complaint of surprise.

Counsel for defendant have failed to note the distinction between a failure of proof and a statutory variance. The one applies to a case where the allegations of the petition or answers are unproved in their entire scope or meaning (section 798, Revised Statutes 1899; Waldheir v. Railroad, 71 Mo. 514), as when the plaintiff sues for the conversion of a horse and his evidence tends to show the conversion of an ox, and the other (section 655, Revised Statutes 1899), has reference to the mere discrepancies between the issues as made by the pleadings and the evidence in support of them, as we have in the case at bar. In the one case a judgment is not authorized, whereas in the other the variance will not be deemed material, unless it has misled the adverse party, and that fact can only be established by the affidavit of the aggrieved party showing in what respect he has been misled. When this is not done the variance will be considered as immaterial, or as having been waived. Now, in the case at bar, it is out of the question to argue that there was an entire failure of proof. At most there was a simple variance, and as no complaint was made on account of it at the trial, the defendant must be considered as having waived it.

Complaint is also made of the failure of the circuit

court to define the word "assist" as used in one of plaintiff's instructions.   The word has a common meaning, concerning which it is unreasonable to suppose the jury erred.

The judgment will be affirmed.   All concur.