## MARGARET A. HAINES, Respondent, v. A. A. PEARSON, Appellant.

### Kansas City Court of Appeals, May 25, 1903.

1. **Negligence:** ALLEGATA ET PROBATA: INSTRUCTION. Plaintiff may not recover for negligent acts of omission, as failure to properly maintain the hangings of a sign, under a petition charging negligent acts of commission, as carelessness in the original hanging of a sign, and an instruction permitting such recovery is condemned.

2. **Evidence:** DAMAGES: DEATH LOSS: MORTUARY TABLES. Mortuary tables are proper evidence of the expectancy of life of a person negligently killed, but are not the only evidence, and a proper case may be made without them.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Marley & Swearingen* for appellant.

(1) The expectancy of life is a material element for the consideration of the jury. O'Mellia v. Railroad, 115 Mo. 205; Boetter v. Sharp, 136 Mo. 531; Bigelow v. Railroad, 48 Mo. App. 376; Railroad v. Clark, 152 U. S. 230; Railroad v. Stewart, 71 Ga. 427; Boswell v. Barnkan, 96 Ga. 521; Railroad v. Orr, 91 Ala. 553; James v. Railroad, 92 Ala. 236; Railroad v. Jones, 114 Ala. 533; Railroad v. Spence, 93 Tenn. 189;

Sheffer v. Railroad, 32 Minn. 520. (2) There should have been evidence of the probable length of life, either by tables or expert testimony. Bigelow v. Railroad, 48 Mo. App. 376; McIntyre v. Railroad, 37 N. Y. 287; Santer v. Railroad, 66 N. Y. 50; Railroad v. State, 53 Md. 554; Damm v. Damm, 109 Mich. 619; Steinbreuner v. Railroad, 146 Pa. St. 504; Abbott's Tr. Ev., p. 557 and citations in note 7; Rawley v. Railroad, 6 Maake, Eng. 293; Railroad v. Cindup, 63 Miss. 291; Little Rock v. Co., 18 S. W. R. 172; Fordyce v. McCants, 55 Ark. 384; Railroad v. Wright, 134 Ind. 509; B. & O. v. State, 41 Md. 268; Baltimore v. Railroad, 71 Md. 573. (3) The evidence must show amount of damage. The jury should not act in an unrestrained or irresponsible manner. They must draw their inferences from the evidence and law as presented. Hickman v. Railroad, 22 Mo. App. 351; McGowan v. Ore Co., 109 Mo. 518; Petrie v. Railroad, 29 S. C. 303; James v. Railroad, 92 Ala. 231. (4) It is the present pecuniary value to her of the life that the jury should have found. Pickets v. Railroad, 117 N. C. 616; Storrs v. Grand Rapids, 68 N. W. R. 258; Alabama Co. v. Jones, 21 So. Rep. 507, 114 Ala. 534; Railroad v. Spence, 93 Tenn. 173; Ragnowski v. Railroad, 74 Mich. 20. (5) The petition sounds on creating a nuisance and maintaining it as created not in permitting a nuisance to arise by action of decay. It is an act of commission not an act of omission alleged in petition. Stevens v. Walpole, 76 Mo. App. 218; Fox v. Park Co., 42 N. Y. S. 794; Woodson Nuisances, 2 Vol., p. 1278. (6) Defendant's instruction should have been given. Devlin v. Smith, 89 N. Y. 470; Hume v. City, 47 N. Y. 646; Wharton on Negligence, 823; Pollock on Torts, 36; Bradley v. Shea, 114 Cal. 1; Ryder v. Railroad, 62 Minn. 85; Southcote v. Stanley, 1 Hurl. and N. 247; Crafton v. L. R., 1 Com. Pl. 300; Butler v. Hunter, 7 Hurl. and N. 825; Gurley v. Railroad, 93 Mo. 449; Bank v. Armstrong, 62 Mo. 59; Buffington v. Railroad, 64 Mo. 246; Price v. Rail-

road, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34. (7) The instruction No. 1 given for plaintiff should have been refused because it does not limit the presumption to the condition existing at the time the sign fell. The presumption that the sign was insecurely fastened in the first instance does not exist from the evidence.

*L. A. Laughlin* for respondent.

(1) The first error complained of is that there was no evidence of the expectancy of life of the plaintiff's husband, as no life-tables or expert testimony was introduced as to the probable duration of the life of the deceased. Appellant cites no authority in support of this proposition inasmuch as the authorities cited by him on this point, not only do not sustain his claim, but refuse it. Thus is the case of Boswell v. Barnhart, 96 Ga. 521, 524, one of the cases cited by appellant. Railroad v. Stewart, 71 Ga. 446; Railroad v. Jones, 114 Ala. 519; Damm v. Damm, 109 Mich. 619; Railroad v. Hughes, 55 Kan. 491; Deisen v. Railroad, 43 Minn. 454. (2) Defendant's next contention is that the petition charges defendant with the creation and maintenance of a nuisance, and not in permitting a nuisance to arise by the action of decay. It is impossible for us to see the force of this objection. The hanging of a sign on a public street is analogous to the act of an abutting property owner who constructs a coal hole in the sidewalk for the benefit of his property. If he constructs the coal hole defectively, he is liable for creating a nuisance, or if he maintains it in a defective condition, he is liable for continuing it. Mancuso v. Kansas City, 74 Mo. App. 138. (3) Defendant next complains of the refusal of his instruction, setting forth that if the jury found he had employed competent workmen to hang and inspect the sign, plaintiff could not recover. It is a fundamental rule of law that when the law imposes a duty

upon a party, that party can not evade the obligation by contracting with someone else to discharge the duty for him. I am clearly of the opinion that the defendant was bound to maintain the lamp in a proper state of repair, so that the public should not be prejudiced by his neglect, and he is liable to the plaintiff for the injury she has sustained, owing to his breach of duty. (4) Defendant next complains of plaintiff's instructions. Instruction No. 1 on the presumption of negligence, which applies the doctrine of *res ipsa loquitur*, was approved in Railroad v. Hopkins, 54 Ark. 209, which was an action for damages for personal injuries caused by a falling sign. The same doctrine was approved by the St. Louis Court of Appeals, in Gallagher v. Edison Illuminating Co., 72 Mo. App. 576, which was a case where a lamp suspended over a public street fell on a passer-by. In a case where a wooden pillar fell on a girl working in a factory, this court approved the general doctrine in Sackewitz v. Mfg. Co., 78 Mo. App. 144. It is also held in New York that the mere falling of a sign into a public street is prima facie evidence of negligence. Morris v. Strobel, 81 Hun 1; Reynolds v. Van Beuren, 10 Misc. 702. (5) The instruction on the measure of damages is an exact copy of the one approved in Tetherow v. Railroad, 98 Mo. 74. (6) Lastly defendant complains that the damages are excessive. Damages for the death of a husband or wife are largely conjectural, because the value of the daily ministrations of a whole life are to be estimated, and the finding of a jury will not be disturbed unless it is such as to show that the verdict was the result of prejudice or passion. Parsons v. Railroad, 94 Mo. 86.

ELLISON, J.—A large "business sign" attached to the building in which defendant did a mercantile business on one of the principal streets in Kansas City became detached from its fastening and fell to the street below. It struck plaintiff's husband on the head, from

which injury he shortly died.   She thereupon brought this action for damages and recovered in the trial court.

The petition charges the negligence of defendant to be in the original hanging of the sign with insecure and improper fastenings, and thereafter maintaining it in such insecure condition.   She was permitted to recover on the theory that, though the sign was properly put up, it afterwards, in the course of several years, became insecure and was negligently maintained or permitted to remain in such condition.   The instruction for plaintiff is so worded that it is difficult to say, with certainty, whether it meant to submit to the jury the question of the sign being originally insecurely fastened, or whether it was insecurely fastened when it fell.   We take it, the latter is what was meant.   It reads, "that the falling of the sign raises a presumption that the same was insecurely fastened to the wall from which it fell and that the defendant was negligent in so maintaining it, and you should find for the plaintiff, unless you should find such presumption was overcome," etc.

Defendant asked and was refused instructions, the effect of which was to declare that the plaintiff could not recover under the petition, if there was no negligence in originally hanging the sign.

We think it was error to permit plaintiff to recover for negligent acts of omission under a petition charging negligent acts of commission several years prior to the accident.   It is not permissible to allege one act of negligence and recover on a totally different negligent act.   Gurley v. Railroad, 93 Mo. 449; Bank v. Armstrong, 62 Mo. 59; Buffington v. Railroad, 64 Mo. 246; Price v. Railroad, 72 Mo. 414; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514.

While there was evidence tending to show that the sign was negligently hung in the first instance, there was also evidence tending to show the contrary.   If the latter evidence was believed, defendant was entitled to a verdict under the petition as it now stands.

It is urged in behalf of defendant that plaintiff was necessarily compelled, in order to show proper damages resulting from her husband's death, to introduce mortuary tables to show his expectancy of life. This is a mistaken view. Such tables are proper evidence, but they are not the only evidence. A proper case may be made out without the use of such tables.

The judgment is reversed and the cause is remanded.

All concur.