CURRENT **v.** THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**1. Master and Servant**: MACHINERY: PRACTICE. In an action for an injury to a servant resulting from the negligence of the master in furnishing him with defectively constructed machinery to use in his work, the servant cannot recover on the ground that the master failed to keep his machinery in repair.

Current v. The Missouri Pacific Railway Company.

2. ———: PLEADING. A petition founded on the negligence of the master in failing to keep the machinery used by his servants in repair must allege that the master knew its condition, or, by the exercise of due care, might have known it.

3. ———: MACHINERY: HIDDEN DEFECTS. An employer is not liable for an injury to the servant occasioned by a hidden defect in machinery furnished for his use, unless the employer knew, or, by the exercise of reasonable care, could have discovered such defect.

*Appeal from Pettis Circuit Court.—*HON. JOHN P. STROTHER, Judge.

REVERSED.

*Wm. S. Shirk* and *T. J. Portis* for appellant.

(1) The petition is fatally defective. It does not allege, that this alleged defect in the construction of the brake-hold or hand-wheel, was known to the defendant, or could have been known by it, by the exercise of ordinary care and diligence, or by the exercise of any care or diligence. That it is necessary to allege this, and that the burden of proving it is on the plaintiff, is so well established that a citation of the authorities is scarcely necessary. Pierce on Railways, 370, 1, 2 and 373; *1 d.* 382; Wood on Master and Servant, sec. 348; *McDermot v. Mo. P. Ry. Co.*, 30 Mo. 115; *Gibson v. P. Ry. Co.*, 46 Mo. 163, pp. 173–174; *Lewis v. St. L., I. M. & S. Ry. Co.*, 59 Mo. 495, on p. 504; *Cummings v. Collins*, 61 Mo. 520; *Elliott v. St. L., I. M. & S. Ry. Co.*, 67 Mo. 272, and cases cited in the opinion of the court. The petition shows on its face that the "construction and arrangement" of the brake was apparently proper. Hence the greater the necessity for an allegation that the defendant knew, or, by the exercise of reasonable care, might have known of the defect. It is nowhere alleged that defendant failed to exercise due care in selecting, purchasing or constructing its cars or their brakes. (2) The demurrer to the evidence should have

been sustained. If the evidence shows any fact clearly, it is this : that the injury resulted from the brake being out of repair—the nut which usually held the wheel or hand-hold onto the brake shaft, having been lost or broken off. There is not an iota of evidence proving or tending to prove that the brake was imperfectly, defectively or dangerously constructed. This was an entire failure of proof of the cause of action stated in the petition. *Beck v. Cummings*, 19 Mo. 30 ; *Carson v. Cumming*, 69 Mo. 325 ; *Waldhier v. Han. & St. J. Ry. Co.*, 71 Mo. 514 ; *Price v. Ry. Co.*, 72 Mo. 414 ; *Edens v. Ry. Co.*, 72 Mo. 212 ; *Bullene v. Smith*, 73 Mo. 151 ; *Ely v. Railroad*, 77 Mo. 34 ; *Benson v. Railroad*, 78 Mo. 504.

*E. J. Smith, L. L. Bridges* and *Sangree & Lamm* for respondent.

(1) It was sufficient that the petition charged the condition of the brake at the time it caused the injury, and that this was by the negligence of defendant. The petition is clearly good after verdict ; both because it is presumed that plaintiff proved and the jury found that which defendant complains was necessary to make it a good petition, and because if the court will take any notice of the bill of exceptions, it appears plaintiff did prove and the jury found the same. Sec. 3882, R. S. ; *Sholar v. Van Wormer*, 33 Mo. 386 ; *Bowie v. Kansas City*, 51 Mo. 454; *State ex rel. v. County Court, Sullivan County*, 51 Mo. 522. Besides, the right way to take advantage of a variance is by affidavit showing surprise, etc. ; we, also, say to be of any avail the variance must be substantive—must be such as to amount to a failure of proof of the cause of action stated in the petition. There is no such here. *Metz v. Eddy*, 21 Mo. 13 ; *Ely v. Potter*, 58 Mo. 158; *Erfort v. Consolus*, 47 Mo. 208 ; *Carroll v. Pouts*, 16 Mo. 226 ; *Reeves v. Larkin*, 19 Mo. 192. (3) The plaintiff did all that was required of him ; he left

the car in the hands of the inspector, and, after lapse of time enough for the car to be repaired, he had a right to rely on defendant doing its duty and the fact that the car was repaired. *Combs v. Cordage Co.*, 102 Mass. 572 ; 19 Cent. Law. Jour. 256.

HENRY, C. J.—The plaintiff, who was employed by the defendant as a brakeman, sued for injuries sustained by him, alleged to have been occasioned by defendant's negligence in this : "That it is necessary for the purpose of running and managing said freight trains to have brakes so constructed that they reach to the top or roof of freight cars with a hand-hold or wheel at the top of said car whereby the brakeman may turn said brakes off and on; that the brake wheel or hand hold on one of the brakes on the cars of said train was imperfectly, defectively and dangerously constructed, in this, that it was not fastened to the brake-staff securely and safely, so that it would remain firm and serve its purpose in manipulating said brake, that plaintiff, wholly ignorant of said dangerous defect, and having no means of ascertaining the same, relying on the *apparent proper construction and arrangement of said brake-wheel or hand-hold*, and, while in the line of his duty as such brakeman, at about midnight, undertook to use said brake when the train was running at a high rate of speed, and while in said act, and having hold of said wheel, and twisting said brake, the wheel came off of the brake-shaft, and plaintiff was thrown to the ground and injured."

On a trial of the cause plaintiff obtained a judgment, from which defendant has appealed. On the trial defendant objected to the admission of any evidence, on the ground that the petition did not state facts which constitute a cause of action. It certainly was not framed to present a case of injury occasioned by a failure on the part of the defendant to mend machinery plaintiff had to

work with, which needed repair. If such were the case it would be fatally defective in not alleging that the defendant knew its condition, or, by the exercise of due care, might have known it. *Smith v. St. L., K. C. & N. Ry. Co.*, 69 Mo. 32; *Porter v. H. St. Jo. Ry. Co.*, 71 Mo. 63; *Hayden v. Smithfield Mfg. Co.*, 29 Conn. 548. The same authorities fully support the proposition that the defendant is not liable for an injury to an employe occasioned by a hidden defect in machinery or implements furnished the employe to work with, unless the defendant knew, or, by the exercise of reasonable care, could have discovered it. To the above may be added the following cases in support of this proposition : *McDermott v. Pac. Ry Co.*, 30 Mo. 115; *Gibson v. Pac. Railroad*, 46 Mo 163; *Dale v. Railroad*, 63 Mo. 455; *Devitt v. Pac. Railroad*, 50 Mo. 302; *Cummings v. Collins*, 61 Mo. 520; *Williams v. Clough*, 3 Hurl. & Nor. 259; *Mad River & L. E. Ry. Co. v. Barber*, 5 Ohio St. 541; *McGatrick v. Watson*, 4 Ohio St. 566; *Wright v. N. Y. Cent. Ry. Co.*, 25 N. Y. 665; *Noyes v. Smith*, 28 Vermont, 59; *Ryan v. Fowler*, 24 N. Y. 410.

The charge in this petition is not that the hand-hold was out of repair, but that it was " imperfectly, defectively and dangerously constructed, in this, that it was not fastened to the brake-staff securely and safely," etc. The plain meaning of this charge is that the hand-hold was so constructed originally that the defect was in the design itself. Such being the cause of action alleged, in order to make a good petition, it was necessary to state that the company negligently or carelessly adopted that hand-brake or continued to use it after ascertaining its unfitness. We are inclined to the opinion that the petition does not state any cause of action. But, however that may be, it certainly was error to admit evidence that the hand-brake was out of repair and that the company neglected to repair it. No such cause of action was stated in the petition and there was an entire failure of proof

·of the cause of action alleged. There was no evidence adduced by plaintiff tending to prove that the brake-wheel or hand-hold was imperfectly, defectively or dangerously constructed, but only that from use its fastening to the brake-staff had been weakened. A party must re-·cover, if at all, on the cause of action alleged. *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 414; *Bullene v. Smith*, 73 Mo. 151; *Ely v. Railroad*, 77 Mo. 34; *Benson v. Railroad*, 78 Mo. 504.

The court, by its instructions, submitted to the jury the question of the defective construction of the brake, and, also, the question of its want of repair, and the negligence of the company in not repairing it. On the latter proposition the evidence was inadmissible, and on the former there was no evidence at all.

For the foregoing reasons the judgment is reversed and the cause remanded. All concur.