SHELBY WILLS, Respondent, v. THE CAPE GIRARDEAU SOUTHWESTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 10, 1891.

1. Pleading: NEGLIGENCE: AMENDMENT. While a petition founded on an allegation of negligence on the part of the defendant must state wherein the negligence consisted, this may be done in general terms sufficient to advise the defendant of the charge against which he is called upon to defend himself; and, if such petition fails thus to particularize the charge, the defect may be remedied by amendment.

2. Master and Servant: PUTTING THE SERVANT IN DANGER OF INJURY WITHOUT NOTICE. A servant assumed a position which was not hazardous in itself, but was made so through an act done by the master without notice to the servant. *Held* that the servant was not guilty of contributory negligence, he having the right to assume that he would not be put in danger by an act of the master over which he had no control.

3. **Practice, Appellate:** EXCESSIVE DAMAGES. Courts will set aside a verdict as excessive even in the case of personal injury, where the excess is so gross as clearly to indicate bias or prejudice on the part of the jury; but the fact, that such injury cannot be measured by a definite money standard, should make courts cautious in disturbing a verdict for that cause alone. Verdict in this cause *held* not so excessive as to warrant interference.

*Appeal from the Bollinger Circuit Court.*— HON. JAMES D. Fox, Judge.

AFFIRMED.

*William Carter, William H. Miller* and *Wilson & Whitelaw,* for appellant.

*B. F. Davis, Moses Whybark* and *J. B. Dennis,* for respondent.

ROMBAUER, P. J.—The plaintiff, a day laborer seventy-five years of age, was seriously injured by an accident while in the defendant's employ. Claiming that the accident was brought about by negligence for which the defendant was responsible, he instituted this action, and upon its trial recovered judgment for $2,000. The defendant, appealing, assigns the following errors: *First.* The court erred in permitting the plaintiff to amend his petition so as to substitute a new cause of action. *Second.* The court admitted incompetent evidence for the plaintiff. *Third.* The court erred in its ruling on the instructions. *Fourth.* The verdict is excessive and the result of bias and prejudice. The errors thus assigned we will notice in their order.

I. The original petition states that the plaintiff, on the day of the accident, was in defendant's employ and engaged in unloading some railroad iron from a barge, in which work one of the defendant's locomotives was utilized under the direction of the defendant's superintendent. The petition then charges the negligence complained of as follows: "That, at said time, said

defendant had in its employ and in charge of said engine an unskilled man, unauthorized and unlicensed, except by defendant, to operate said engine ; that, for want of due care and attention to its duty in that behalf, on said third day of July, 1888, and while said engine and this plaintiff were in the use and service of said defendant, at said city of Cape Girardeau, and on one of defendant's switches, *said defendant* negligently and carelessly caused its engine to be moved without notice to this plaintiff, so that plaintiff was struck," etc.

The amended petition, after the words, "said defendant," above italicized, added "by direction of its general superintendent, he being then present ordering and directing said work and the movement of said engine." The amended petition also contained a fuller specification of the bodily injuries sustained by the plaintiff. In other respects it was the same as the first petition.

It was held in *Waldhier v. Railroad*, 71 Mo. 514, that a general averment of the negligence causing the injury, without stating wherein the negligence consisted, rendered the petition fatally defective. This rule was followed in a number of subsequent cases, and was in some of them, such as *Current v. Railroad*, 86 Mo. 62, applied with very great strictness. The true rule unquestionably is, that the petition in such cases should advise the defendant of the particular negligence complained of, so that he may know what he is called to defend against, but, if that is done, the petition is not defective, though it does so in general terms. *Palmer v. Railroad*, 76 Mo. 217 ; *Condon v. Railroad*, 78 Mo. 567. The pleader under our code is bound to state only facts, and not the evidence of such facts. Conceding, therefore, for the sake of argument, that the first petition failed to advise the defendant sufficiently of the particular negligence complained of, the second petition did no more than remedy that defect by stating that the negligent direction of the engine's

movement by the superintendent of the company was the cause of the accident. That such an amendment is admissible was conceded even in the *Waldhier case*, and expressly stated in *Buffington v. Railroad*, 64 Mo. 246. In fact the defendant's argument on this head, if it means anything, leads to the result that a petition adjudged insufficient on general demurrer, as stating no cause of action, cannot be amended. Such an argument is in direct contravention of the provisions of the code and of the uniform practice thereunder since its adoption.

II. Henry Isom, a material witness for the plaintiff, on his cross-examination stated that he was in the calaboose one night ; that he was the right fellow ; that he had picked up some money. On his re-examination he stated that he once found $20 in the street and also a nickel. When asked by the person who had lost the money whether he had found it, he stated to him that he had found a nickel. He was thereupon arrested and put in the calaboose, but was discharged the next morning. All this testimony was admitted without objection. The plaintiff thereupon called the prosecuting attorney, who was permitted to state against the defendant's objection, that he had filed an information against Isom for this act, charging him with larceny ; that upon the trial of the case it turned out that Isom had found the money, and was willing to give it up as soon as the owner was identified. The case at bar was tried in a county other than the one where this prosecution took place, and, therefore, the record showing the acquittal was not accessible for immediate use. The defendant, having given oral evidence of the arrest of the witness, could not well complain that the plaintiff was permitted to give additional evidence showing the circumstances surrounding the arrest. But the court out of abundant caution withdrew the evidence of the prosecuting attorney from the consideration of the jury by instruction at the close of the evidence, thus removing any pretense of

complaint. Since this entire evidence was touching purely a collateral matter, gone into by the defendant himself, and touching a subject concerning which there was no controversy, it would not have been prejudicial error if the court had not withdrawn the evidence of the prosecuting attorney, much less was there such error after the evidence was withdrawn.

III. Complaint is made that the court erred in giving instructions 2 and 3 asked by the plaintiff, and in refusing instructions 6 and 8 asked by the defendant. Before proceeding to the consideration of this assignment it is proper to state what the evidence tended to show. The plaintiff's evidence tended to show the following facts : The defendant was having railroad (iron or steel) rails unloaded from a barge in the Mississippi river. From the top of the bank to the barge was fifty or sixty feet and the manner of unloading was to make a "slide" or "run" as follows : Railroad cross-ties were piled up about half way between the bank and barge and upon them rested iron rails reaching to the barge and to a cross-tie on the top of the bank. From the cross-tie on top of the bank to the pile of iron was six or eight feet, and for this slide cross-ties or short rails were used. In order to enable the bunch of rails to be drawn upon the pile, blocks were put under the ends of the slide resting on the pile of iron, and these were frequently jostled out, and it was necessary to replace them. The railroad track was west of the iron pile, and on its west side was a post to which a "block and pulley" was fastened, through which ran a rope, attached to the engine, and chains, fastened to the ends of the bunches of rails, being drawn up. The rails were this drawn up by the engine moving at a right angle.

Plaintiff had been employed by defendant's superintendent to help in unloading these rails, and his particular business was to stand on the south side of the pile, and, with the help of Henry Isom, who was on the north side, to slide the rails to their place on the pile,

when drawn up, and to see that the block under the slide next to him was kept in its place.

On the day of the accident this work was being done under the supervision of defendant's superintendent ; and on that day, while so engaged, and while fixing a block under the "skid" or "slide" next to him, and while standing in between the iron pile and the bunch of rails being drawn up, the engine moved off, drawing up the bunch of rails so quickly as to catch plaintiff and drag him against and over the end of an iron rail on the pile of iron, whereby he received serious injuries.

The plaintiff's evidence further tended to show that he was ordered by the superintendent to fix the block under the slide immediately preceding this accident, and that the superintendent, while the plaintiff was in this dangerous position, ordered the engine to move on before plaintiff had any time to move out of the space intervening between the bunch of rails, which were being drawn up, and the pile of rails. The defendant's evidence was to the effect, that the superintendent did not order the plaintiff on this occasion to fix the blocks under the slide, but in other respects there was no substantial controversy between the plaintiff's and defendant's evidence as to the cause of the accident. It is substantially conceded that the position assumed by plaintiff was not in itself dangerous, and became dangerous only when the engine was put-in motion.

The court thereupon among other instructions gave these instructions for the plaintiff :

"2. If the jury believe from the evidence that the plaintiff, while employed by defendant as a day laborer, was, on or about the third day of July, 1888, engaged in unloading railroad iron from a barge, and, while so engaged, was ordered by defendant's superintendent to step between the rails being drawn up from the barge, and the pile of iron on which they were to be placed to fix the run or slide, upon which they were being hauled

up by the defendant's engine ; that, in the discharge of said duty and in obedience to said order, plaintiff did go between said rails and pile of iron and undertake to fix said slide or run, and, while so engaged, said superintendent, negligently and carelessly, without knowledge or warning to this plaintiff, and before he had finished said work and had time to get out from striking distance of said rails when in motion, gave to defendant's engineer or the person in charge of said engine the signal or command to "go ahead," and that, in obedience to said signal or command, said engineer did move said engine, and in consequence thereof the engine pulled the bundle of iron rails against and upon plaintiff and thereby injured plaintiff, then your verdict must be for plaintiff.

"3. Although the jury believe from the evidence that the plaintiff was guilty of negligence in going between the bundle of iron rails being hauled up from the barge to the bank and the pile of iron on the bank ; yet, if the injury to the plaintiff could have been avoided after the defendant learned of the danger in which plaintiff was, or might have learned of his dangerous situation by the use of reasonable diligence, then you must find for the plaintiff."

The objection made to the first of these instructions is that it assumes certain facts without submitting them to the jury for their finding. This objection is untenable. The introductory sentence, if the jury believe from the evidence, qualifies the residue of the instruction, and submits every fact therein stated for its finding. An instruction, almost identical in form, was approved by the supreme court in *Hoke v. Railroad*, 88 Mo. 360. Nor can we see any objection to the third instruction. There was evidence to support it both in the testimony of plaintiff and witness Isom, and the fact that it stated a correct proposition of law cannot be seriously challenged. *Donahue v. Railroad*, 83 Mo. 543.

The defendant among others asked the following instructions which the court refused :

"6. The court instructs the jury that from the testimony in this cause the plaintiff is not entitled to recover, and your verdict will be for the defendant."

"8. The court instructs the jury that, although you may believe from the evidence that defendant's superintendent ordered or directed the plaintiff to go into a dangerous position, while defendant's agents were moving railroad iron from a barge on the river Mississippi, and placing said iron in piles upon the bank of said river, the dangers of which position were patent and well known to this plaintiff at the time, he was not bound to obey such orders and go into such position, and, if he did so, it was such contributory negligence on his part as to preclude his right of recovery in this action, unless the jury should further believe from the evidence that the defendant discovered the dangerous position or peril in which plaintiff had placed himself, or could by the exercise of ordinary care and prudence have discovered the plaintiff's peril, and after discovering the same could by the exercise of ordinary care and prudence have prevented the injuries complained of by plaintiff."

That the first of these instructions was properly refused sufficiently appears from what has been stated above. Instruction, numbered 8, as above seen finds no support in the evidence, which substantially concedes that there was no danger in the position assumed by plaintiff, except such as might result to him from an independent act of negligence on defendant's part. The plaintiff had a right to assume that the defendant would not by any act, over which he had no control, render his position extra hazardous. Other points arising upon defendant's answer were submitted to the jury upon instructions very favorable to the defendant.

IV. That courts will set aside verdicts for excess of damages even in cases of personal injuries, where the

excess is so gross, as clearly to indicate bias or prejudice on part of the jury, is readily conceded. The very fact, however, that injuries of this character cannot be measured by a definite money standard, should make courts cautious in disturbing verdicts for that cause alone. The instruction given by the court on the measure of damages states the correct rule and is not complained of. That the injuries inflicted were serious, is conceded by all the evidence. The plaintiff was rendered unconscious by the shock and agony, was laid up in bed for sixty days, and confined to his house for some time thereafter. He testified that one of his bones was slightly fractured, but in that he is not corroborated by his medical attendant. Touching the permanency of his injuries the evidence of medical experts is conflicting, but the probability of such injuries is not excluded by any of the evidence. The great age of the plaintiff is entitled to consideration as affecting the damages resulting from a decrease of earning capacity, but not as affecting his sufferings. A careful consideration of this branch of the case has satisfied us, that we are not warranted to disturb the verdict for this cause alone, the case having been tried free from error in other respects.

The judgment is affirmed. All the judges concur.