WADE DUNCAN, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1. **Negligence**: CONTRIBUTORY NEGLIGENCE : DEMURRER TO THE EVIDENCE : CARELESSNESS AFTER KNOWLEDGE OF PERIL. If without dispute it appears that plaintiff entered upon the railroad track immediately in front of the moving car, so close thereto that even with the greatest care defendant's servants were powerless to avert the injury, then plaintiff's carelessness would preclude his recovery and a demurrer to the evidence should be sustained ; but in this case, while defendant's evidence tended to prove this state of facts, yet there was testimony tending to sustain the claim that plaintiff stood upon the track upon which the train was approaching, long enough prior to the accident, and far enough away from the coming train, for those operating the same, by the exercise of ordinary care, to discover his peril in time to have stopped the train before striking the plaintiff, which. if true, will entitle plaintiff to recover, even though he was negligent in entering and stopping upon the track, and, therefore, the demurrer to the evidence was properly overruled.

2. ———: FLAGMAN : CONTRIBUTORY NEGLIGENCE : INSTRUCTION. The fact that an ordinance requires a railway company to keep a watchman, whose duty it is to warn persons about to cross the tracks of approaching trains, does not absolve such persons from a like duty of ordinary care when crossing such place of danger ; they are bound to use their senses. and do all a prudent man, under the circumstances. would do to avoid danger. Where a person approaching such place of danger notes the absence of such watchman,

sees the moving train by which he is subsequently hurt, and has notice of all the absent watchman could have imparted to him, and voluntarily puts himself in a place of danger, he cannot charge his misfortune to any omission of duty by the watchmen. An instruction set out in the opinion is disapproved.

3. ——— : ——— : COMBINED NEGLIGENCE : PROXIMATE CAUSE. In this case the alleged negligence of the watchman in failing to warn plaintiff of the approaching train was prior in point of time to the negligent acts of plaintiff, and there is no room for the application of the rule, that where plaintiff is put in danger by the combined acts of plaintiff and defendant, and defendant sees, or by ordinary care could see, the peril of the plaintiff in time to avoid the danger, then plaintiff may recover, but plaintiff's negligence in going on the track being the approximate cause, the other rule applies, that to make a defendant liable for an injury, when plaintiff has been also negligent, it should appear that the proximate cause of the injury was the omission of the defendant, after becoming aware of the danger to which plaintiff was exposed.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *H. G. Herbel*, for appellant.

( 1 ) The court erred in overruling defendant's demurrers to the evidence offered at the close of plaintiff's evidence and at the close of the whole evidence. *Rogstad v. Railroad*, 14 Am. & Eng. R. R. Cases, 648; *Taylor v. Railroad*, 86 Mo. 462 ; *Weber v. Railroad*, 100 Mo. 201 ; *Harlan v. Railroad*, 64 Mo. 480 ; *Lenix v. Railroad*, 76 Mo. 91 ; *Purl v. Railroad*, 72 Mo. 171 ; *Kelly v. Railroad*, 88 Mo. 514 ; *Maher v. Railroad*, 64 Mo. 276 ; *Harlan v. Railroad*, 65 Mo. 25 ; *Yancey v. Railroad*, 93 Mo. 427 ; *Rine v. Railroad*, 88 Mo. 398 ; *Harris v. Railroad*, 40 Mo. App. 264 ; *Milburn v. Railroad*, 86 Mo. 109 ; *O'Donnell v. Railroad*, 7 Mo. App. 192 ; *Boland v. Railroad*, 36 Mo. 492. ( 2 ) The court erred in giving the instructions asked by plaintiff. *Railroad v. Aspell*, 23 Pa. St. 147 ; *Railroad v. Huntley*, 38 Mich. 537 ; *State, etc., v. Nauert*, 2 Mo. App. 297.

*McDougal & Robinson*, for respondent.

(1) In backing its train over an extra hazardous crossing, in a densely populated part of the city, the defendant was bound to exercise extraordinary care—a high degree of vigilance—to prevent accident. *Hutchinson v. Railroad*, 19 Am. & Eng. R. R. Cases (Minn.) note p. 283; *Frick v. Railroad*, 75 Mo. 595, 609; *Donohue v. Railroad*, 83 Mo. 555. (2) The failure of defendant's trainmen to give the statutory signals, as well as the failure of its watchman to notify plaintiff, was negligence *per se*. Plaintiff's injury resulted therefrom, and defendant is liable therefor. *Keim v. Railroad*, 90 Mo. 314, 321, and cases cited; *Kellny v. Railroad*, 101 Mo. 67, 77, and cases cited; *Railroad v. Young*, 37 Am. & Eng. R. R. Cases (Ga.) 489; *Donohue v. Railroad*, 91 Mo. 357, 364. These failures misled plaintiff, and defendant cannot relieve itself from liability simply because he neglected to look or listen. 2 Wood's Railway Law, 1328, and cases cited, note 1. (3) It was defendant's duty in backing its train to use such means to prevent accident as were commensurate with the risk. It was properly left to the jury to say whether, under all the facts and circumstances in proof, defendant should have had a man on the rear car to warn persons on the crossing, and it makes no difference that defendant was not required by positive law to perform this duty. *Guggenheim v. Railroad*, 76 Mich. 150; *Winstanley v. Railroad*, 35 Am. & Eng. R. R. Cases (Wis.) 373, and cases cited; *Loucks v. Railroad*, 31 Minn. 526; *Freeman v. Railroad*, 37 Am. & Eng. R. R. Cases, 501; *Wilkins v. Railroad*, 101 Mo. 93, 106. (4) Even if plaintiff were negligent, yet defendant is still liable if, as the jury found, defendant's servants could and would have seen plaintiff's perilous position, and warned him of his danger, and prevented the accident by the exercise of

ordinary care upon their part. *Dunkman v. Railroad,* 95 Mo. 232, 344, and cases cited ; *Rine v. Railroad,* 100 Mo. 228 ; *Railroad v. Schuster,* 35 Am. & Eng. R. R. Cases (Ky.) 407. And at such crossings railways are "held to a higher degree of care and vigilance than the traveler thereon." *White v. Railroad,* 34 Mo. App. 57, 78.

GILL, J.—This is an action for damages for personal injuries sustained by plaintiff in being run into by a freight train of the defendant that was backing up and across a public street crossing at the intersection of Mulberry street and St. Louis avenue, Kansas City. At the point of accident these two streets cross at right angles ; it was also the crossing of four railroad tracks, running east and west, as also the crossing of a double-track cable railway, running north and south. This crossing is one of those where the city by ordinance provides the railroad company shall keep a watchman to notify all persons about to cross the railroad track of the approach of trains. Plaintiff's evidence tended to prove that on the morning that he was injured he was walking down South Mulberry street, and when he reached the point at which St. Louis avenue intersects said street he saw a passenger train moving on the second track from the north ; that there are four tracks on said crossing, the two northernmost belong to the Missouri Pacific Railway Company, and the others to other railways ; that before he stepped onto the first and northernmost track he looked in the direction from which the train that struck him came, and saw the car which struck him moving slowly at a distance of thirty feet or more from him ; that he supposed said car was moving in the opposite direction, and paid no further attention to it; that he stepped upon the track and stood there awaiting the passage of the passenger train on the next track, until he was struck by the

moving freight car as aforesaid ; that said car, with several others, was attached to an engine which was backing them towards him ; that he did not again look in the direction from which said car came after stepping upon the track ; that he was struck by said car, which ran over one of his feet, and necessitated the amputation thereof ; that he saw no watchman at said crossing, or anywhere near there ; that he did not observe any man on the top of the car that struck him ; that no warning was given him whatever by anybody of the approach of the train which struck him ; that his view of the freight car from the place at which he was standing was unobstructed, and that he could have seen the train if he had looked again in that direction.

Defendant's evidence tended to prove that there was a watchman stationed at said crossing at the time of the accident; that he was on the south side of said crossing, warning persons approaching the track not to get on because of the approach of the passenger train ; that the passenger train at the time plaintiff approached and stepped upon the track on which he was injured was between said watchman and plaintiff ; that the watchman saw plaintiff stepping on said track, and waived his flag and hallooed to him under the moving passenger train, but plaintiff did not heed said warning, but remained on the track until he was struck by the backing freight train ; that the freight car at the time plaintiff stepped upon the track was within a few feet of him and that the view from the point at which the plaintiff was to the freight car was wholly unobstructed ; that plaintiff could have seen the car approaching if he had looked in that direction, in time to have avoided his injury ; that there was a man stationed on the end of the car furthest from the engine at the time of the accident; that the freight train which struck plaintiff could not have been stopped in a shorter space than about fifteen to thirty feet; that, as soon as the signal to stop was communicated to the engineer, he

did everything in his power to stop the train, and did stop it within thirty feet, but too late to prevent its striking plaintiff.

The several acts and omissions of the defendant charged as negligence are thus summarized in the petition: "That, by the exercise of ordinary care on the part of the defendant, its agents, servants and employes, he would have been first notified by its watchman of the approach of said freight train; *second*, said freight cars would not have been moved over said street at said crossing at a time when there was not then and there stationed and present a watchman, both as required by said ordinance; *third*, a man would have been stationed on the forward end of said train so backing up over said dangerous crossing to warn him of his peril; and, *fourth*, necessary and proper signals and warnings would have been given of the approach of said train; and if he had been warned in any of the several ways mentioned, by the servants of defendant, whose duty it was at the time and place and under the circumstances alleged, to warn him of his danger, he could and would have stepped off said track before the car struck him and averted the injury, and he further alleges that by the exercise of ordinary care on the part of the defendant's agents and servants in charge of said freight train, they could and would have seen him on said north track in time to have stopped the train and avoid injuring him." The answer was a general denial, coupled with a plea of contributory negligence. The issues were tried by jury, resulting in a verdict and judgment in plaintiff's favor for $1,000, and defendant appealed.

I. Defendant's counsel have argued with much force that the trial court should have sustained a demurrer to the evidence. The ground for this contention is, that, admitting defendant's negligence as charged, yet the manifest contributory negligence of the plaintiff at the time should preclude his recovery. As to this branch of the case, we must hold against the

defendant. Whilst it is clear that plaintiff heedlessly and carelessly walked onto the track and put himself in a position of danger, yet, as there was some evidence tending to show that, if defendant's employes operating the freight train had been on the watchout, as ordinary prudence would demand, they could have discovered plaintiff standing upon the track, and in a perilous situation, in time to have avoided the disaster. That a railroad company will be liable under such circumstances, notwithstanding the negligent conduct of the plaintiff, is too well settled in this state to require comment. Whatever may be the rule elsewhere, the doctrine has become the law of this state by a long line of decisions. See *White v. Railroad*, 34 Mo. App. 57, where this court in an opinion by SMITH, P. J., reviewed the cases *in extenso*. If without dispute it appeared from the evidence that plaintiff entered upon the railroad track immediately in front of the moving car, so close thereto that even with the greatest care defendant's servants were powerless to avert the injury, then, of course, this element would not belong to the case. And, while defendant's evidence tended to prove this to be the case, yet there was testimony tending to sustain the claim that plaintiff stood upon the track on which the freight train was approaching long enough prior to the accident, and far enough away from the coming train, so that those operating the same might, by the exercise of ordinary care, have discovered plaintiff's peril in time to have stopped the train before striking the plaintiff. And, if this was true, then plaintiff might recover, even though he was negligent in entering and stopping upon the track.

II. At the instance of the plaintiff, and over the objection of the defendant, the trial court gave the following instruction : ''The court instructs the jury that the ordinances of Kansas City read in evidence required the defendant to keep a watchman at the crossing where

plaintiff was injured, whose duty it was to exercise reasonable care in notifying persons about to cross the defendant's railroad tracks at said crossing of the approach of any locomotive, tender or car; and, although the jury may believe from the evidence in the case that the defendant did employ a watchman and station him at said crossing, still, if the jury further believe from the testimony in the case that, by the exercise of reasonable care, said watchman could have seen plaintiff on defendant's track and discovered his danger in time to have warned him of such danger and thereby prevented the accident, and through carelessness and negligence on his part failed to do so, then the verdict will be for the plaintiff, notwithstanding the fact that plaintiff was himself guilty of negligence in being on the track at the time of the accident." In giving this instruction we are of the opinion the court committed serious error. In the first place there was no evidence upon which to predicate such an instruction. The evidence, without contradiction, shows that there was a watchman at the crossing at the time, and that he was in the due performance of his duties. He was on the south side of St. Louis avenue, and south of the passing passenger train, warning persons from approaching from that direction. It was impossible, therefore, for said watchman to be on duty on the north side of the passing train where the plaintiff was. The railroad company was required by a city ordinance to keep a watchman at this crossing with a duty, defined by said ordinance, "*to notify all persons about to cross the railroad track at such crossing of the approach of any locomotive, tender or car.*" It is admitted that there was such flagman there at the time, and it would seem from the evidence he was doing all that reasonably could be expected of him. But, be this as it may, admit for the sake of the discussion that the watchman thus provided by the railroad company was absent from his post or asleep, and did not in any way perform his duty in warning the plaintiff as he

approached the crossing, still, if the plaintiff heedlessly and negligently walked into danger, placed himself in front of the approaching train, which by the use of his eyes and ears he could have plainly seen and heard, and was run over while in the exercise of such gross carelessness, even then he could not recover, whatever may have been the omission of duty on the part of the flagman. It was the duty of the watchman, it is true, to warn persons about to cross the tracks of approaching trains, yet this did not absolve plaintiff from a like duty of ordinary care when crossing this place of danger. "It will be understood that while a railway company keeps a flagman or maintains a gate or other precautions at a crossing, the traveler is not thereby relieved from all duty to look out for his own safety. He is bound to use his senses, and do all which a prudent man, under the circumstances, would do to avoid the danger.

"No man has a right to depend entirely upon the care and prudence of others; he is bound himself to exercise due care to prevent injury to himself from the lack of the proper caution in others." 2 Wood's Railway Law, pp. 1302, 1314. Hence, it has been repeatedly held in this state, that while the failure to ring the bell or sound the whistle as the train approaches a crossing is negligence *per se* on the part of the railroad company, still if the person injured was himself at the time negligent—did not use his eyes and ears, but went carelessly and heedlessly into danger which he might have avoided by ordinary care—he cannot recover. *Zimmerman v. Railroad*, 71 Mo. 476 ; *Taylor. v. Railroad*, 86 Mo. 462, and cases cited. The facts in the *Harlan case* ( 64 Mo. 480, and 65 Mo. 22 ) are very similar to those here. Says Judge NAPTON in the opinion : "A person who goes on a railroad track or proposes to cross it must use his eyes and ears to avoid injury ; a neglect of regulations in regard to bell ringing may amount to negligence in law on the part of the railroad employes, but that does not absolve strangers, who propose to

cross the track, from ordinary care  *  *  * and when crossing one they are expected to be viligant and watchful for the approach of the locomotive. The failure to exercise such vigilance is negligence.'' The plaintiff in that case (Mrs. Harlan, who sued for the killing of her husband) was not allowed to recover because of the negligence of the husband, notwithstanding the prior negligence of the defendant in failing to give warning of the approach of the engine by sounding the bell or blowing the whistle. And so here this watchman's duty was to give notice of approaching trains. It is of the same nature—performing the same office—as ringing the bell or sounding the whistle. The same rule will apply whether the signal should come from a ringing bell, a sounding whistle or the words of caution from the flagman or the watchman. For other cases in point see *Lenix v. Railroad*, 76 Mo. 86; *Purl v. Railroad*, 72 Mo. 168. The case at bar is even stronger for the defendant in this regard than any of those cited. Wade Duncan, the plaintiff, admits that as he approached the crossing he saw no watchman (he could not likely, for the flagman was on the south side of the passing train, while he was on the opposite side), hence he had notice that he must rely on himself for protection. He saw, too, the moving trains, and was thereby put on his guard. He had notice in fact of all that could have been imparted to him by the watchman, and, having such knowledge, he voluntarily put himself in a place of danger. He cannot, therefore, charge his misfortune to any omission of duty by the watchman.

This branch of the case has no room for the application of the rule, where plaintiff is put in danger by the combined negligent acts of plaintiff and defendant, and defendant sees, or by ordinary care could see, the peril of the plaintiff in time to avoid the danger, then plaintiff may recover. For here the negligence (if any there was) of the watchman in failing to warn plaintiff

of the approaching train was prior in point of time to the negligent act of the plaintiff. The proximate cause of the injury was not the failure of the watchman to give notice of the moving train, but it was the reckless act of plaintiff himself in placing his person on the track at a time and place when the least caution on his part would have advised him of impending danger. "In order to make a defendant liable for an injury when the plaintiff has also been negligent, or in fault, it should appear that the *proximate cause* of the injury was the omission of the defendant, *after becoming aware of the danger to which the plaintiff was exposed.*" *Zimmerman v. Railroad*, 71 Mo. 484. Now the vice of the instruction in question will be readily observed by assuming ( as the jury under the evidence might have found ) that plaintiff stepped in the way of the backing train so near thereto that the railroad employes could not have seen him in time to avoid the injury. The jury might, too, in addition have found ( as the evidence tended strongly to prove ) that when plaintiff approached the crossing he saw this train backing towards him and not more than thirty feet distant, but that he paid no attention to it but recklessly and thoughtlessly placed himself in its way. If such were the facts then surely plaintiff ought not to recover. However, under the instruction heretofore quoted, the jury might still return a verdict for the plaintiff, if they should find that the watchman was remiss in his duty to warn the plaintiff, and this, too, even though plaintiff well knew of the approaching train which committed the damage. Such cannot be the law.

It results, therefore, that the judgment must be reversed and the cause remanded. All concur.